### (April 28, 1937.)

In the Matter of the Application of MAX G. NEUHAUSER, Petitioner, Respondent, for a Peremptory Order of Mandamus against FIORELLO H. LA GUARDIA and Others, Constituting the Board of Estimate and Apportionment of the City of New York, and FRANK J. TAYLOR, as Comptroller of the City of New York, Appellants.

Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Heffernan, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). Defendants are appealing from a peremptory mandamus order, granted by the New York Special Term of the Supreme Court, directing the defendants who constitute the board of estimate and apportionment to reopen and revise the budget so as to provide a salary of $3,700, instead of $3,100, for petitioner, a clerk in the office of the commissioner of jurors of New York county, and directing the defendant comptroller to pay petitioner at that rate retroactively from January 1, 1936.

The facts are not in dispute. Petitioner was appointed to the position of clerk in the office of the commissioner of jurors, after having successfully passed a competitive civil service examination therefor, on February 1, 1907. Upon his appointment petitioner's salary was fixed at $3,700 per annum by the justices of the Appellate Division of the Supreme Court of the First Department. Petitioner has continuously held such position since the date of his appointment and is now performing the duties thereof.

The principal question presented to us for determination is whether the power to fix petitioner's salary is lodged in the board of aldermen or in the justices of the Appellate Division. Defendants contend that under the provisions of chapter 637 of the Laws of 1932 the board of aldermen is the final authority. Petitioner asserts that he is excepted from the provisions of that statute.

For a proper understanding of the question involved a knowledge of the history of the office of commissioner of jurors is essential. The office of commissioner of jurors is not a constitutional office, and the Constitution contains no provision with reference to the election or appointment of this officer. The office came into existence after the adoption of the Constitution in 1846 and consequently it must be filled by election or appointment in such manner "as the Legislature may direct." (State Const. art. 10, § 2.) Such office was created by chapter 495 of the Laws of 1847, entitled "An act in relation to jurors in the city of New York." Under the provisions of the act the power of appointment was vested in the supervisors of the city, acting in conjunction with the judges of two of the local courts. Prior to the act of 1847 the mode of selecting jurors in the city of New York was regulated by the Revised Statutes. In 1873, by chapter 335, section 25, entitled "An act to reorganize the local government of the city of New York," it was provided that the mayor shall nominate, and, by and with the consent of the board of aldermen, appoint the commissioner of jurors. Subsequently, the consent of the board of aldermen was dispensed with, and the power to appoint the commissioner was vested in the mayor alone (Laws of 1884, chap. 43), and this power of appointment by the mayor was continued in section 118 of the Greater New York Charter.

By chapter 602 of the Laws of 1901, as amended by chapter 660 of the Laws of 1924, the Legislature provided for a commissioner of jurors in each county of the State having a population of one million or more according to the last Federal

census. This act applies to the city of New York. The act provides that the commissioner of jurors shall be appointed by the justices of the Appellate Division of the Supreme Court, or a majority of them, in the department in which the county is situated. Under this statute the commissioner may, with the consent in writing of the justices making the appointment, or a majority of them, from time to time appoint and remove an assistant commissioner and such clerks, stenographers and messengers as shall be necessary for the proper discharge of the duties of the office. The justices of the Appellate Division are authorized to fix the salaries of the commissioner and his subordinates. The commissioner is subject to removal by the justices making the appointment and they may name his successor or successors from time to time as may be necessary. The justices making the appointment are also empowered to procure suitable office space for the commissioner, and the necessary equipment for the proper performance of the duties of the office. The act also contains specific provisions defining the power and duties of the commissioner, and concludes by repealing all special or general laws inconsistent with the provisions of the act. It thus appears that the commissioner of jurors, his assistants and employees are not appointed either by a city or county authority but by a State authority — the Appellate Division of the Supreme Court.

The statute conferring upon the justices of the Appellate Division the power to appoint a commissioner of jurors and to fix his salary and the salary of his assistants is constitutional. (*Matter of Allison* v. *Welde*, 172 N. Y. 421.)

By the enactment of chapter 637 of the Laws of 1932 the Legislature proclaimed a financial emergency to exist in the city of New York and its declared purpose was to authorize extensive reductions in the salaries of public employees It was declared that the emergency should continue until it was specifically terminated by the Legislature. It is, accordingly, still in force. (*Matter of Moran* v. *La Guardia*, 270 N. Y. 450.) It was not repealed by chapter 178 of the Laws of 1934. (*Matter of Mc Kinney* v. *McGoldrick*, 266 N. Y. 665.)

The emergency statute provides, in substance, that notwithstanding any general, special or local law to the contrary the board of aldermen of the city of New York, upon the recommendation of the city's board of estimate and apportionment, shall have the exclusive power to fix the salaries of the officers and employees, not excluding officers and employees engaged in State or county business, whose compensation, wholly or in part, is paid out of the city treasury. The statute, however, directs that its provisions shall not be construed to apply to or affect " the salaries or compensation of any officer, employee or other person in the following State courts: The Appellate Divisions of the Supreme Court, First and Second Departments, the Supreme Court within the First Judicial District and Second Judicial District."

When chapter 637 of the Laws of 1932 became effective the board of aldermen, relying on its provisions and on the recommendation of the board of estimate and apportionment, reduced petitioner's salary from $3,700 to $3,100 and has since consistently refused to adopt the higher figure fixed by the justices of the Appellate Division.

Defendants stress the point that the office of commissioner of jurors is a county office and that petitioner is, therefore, a county employee and hence his salary is subject to the will of the board of aldermen. The question as to which particular

civil division of the State may be regarded as petitioner's employer is merely one of form and not of substance. As has been already noted the justices of the Appellate Division of the Supreme Court are clothed with the authority to appoint and remove the commissioner of jurors, his clerks and assistants. The commissioner and his staff are appointed, removed and supervised in precisely the same manner as all other employees of the Appellate Division who hold their positions by virtue of section 101-a of the Judiciary Law. The justices have the power to appoint and remove at will the commissioner and his clerks. They not only have the control and direction of their employment but of all its details. Unquestionably the justices retain the right to direct the commissioner and his subordinates as to methods to be adopted in the performance of their duties, not only what shall be done, but how it shall be done. The commissioner and those assisting him are but auxiliaries of the court itself in the selection of jurors in the general administration of justice. As was aptly said by the learned justice at Special Term they are part of the Court System. To give the aldermen control of the purse strings of this important department of the court would be to place them in a position to paralyze its efficiency and might easily lead to intolerable results. Every branch of the administration of justice should be absolutely free from political domination and beyond even the suspicion of reproach.

That it was the intention of the Legislature in creating the office of commissioner of jurors to vest complete supervision of that official and his aids in the justices of the Appellate Division is indicated by the following extract from the opinion of the Court of Appeals in *Matter of Allison* v. *Welde* (*supra*): " There is another consideration which may properly have influenced legislation upon this subject, and that is public policy. Complaints have not been uncommon to the effect that in some localities the jury lists have been made up almost exclusively of persons belonging to one of the great political parties. If there is any branch of the department of the government that ought to be strictly non-partisan, it is the jurors to whom is committed the determination of the rights of persons to life, liberty and property. Recognizing this, the Legislature in its wisdom has seen fit, by general laws, to provide for the appointment of commissioners of jurors in a number of the counties of the State in which there are large cities, and has given the appointment of such commissioners to the justices of the Appellate Division of the district in which the county is located, believing that the rights of persons would be safer and more scrupulously guarded by the justices of such courts who would see to it that impartial jurors were selected, than by any other board or officers to whom the appointment could be committed. The judiciary of the State forms one of the co-ordinate branches of the government. The statutes provide for the holding of the courts in the different counties of the State for the trial of civil and criminal cases that may arise in such localities. The jurors, when drawn, become a part of the court having governmental duties to discharge. It would seem, therefore, to be good public policy for the State in some measure to retain some control over positions of this character."

In our opinion the justices of the Appellate Division have the sole power to fix the salaries of the commissioner and the employees in his office, and chapter 637 of the Laws of 1932 has not deprived them of that authority.

Defendants also contend that petitioner has been guilty of laches which precludes his right to relief. This contention is so lacking in merit that it may be dismissed without further comment.

The order appealed from should be affirmed, with fifty dollars costs and disbursements.